FILED

12 JUL 12 AM 10: 47

CLERK U.S. DIST. COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcostlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
David W. Kukuk

KAZEROUNI LAW GROUP, APC
2700 N. MAIN STREET, STE. 1000
SANTA ANA, CA 92705

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID W. KUKUK,** | Case No.: **CV12- 05996 AJW** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)** |
| v. | |
| **BISHOP, WHITE, MARSHALL & WEIBEL, P.S.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

///

///

///

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. DAVID W. KUKUK ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BISHOP, WHITE, MARSHALL & WEIBEL, P.S. ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

///

KAZEROUNI LAW GROUP, APC
2700 N. MAIN STREET, STE. 1000
SANTA ANA, CA 92705

1    **JURISDICTION AND VENUE**

2    6.   Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k.

3    7.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act,

4         15 U.S.C. §§ 1692-1692(p) ("FDCPA").

5    8.   Because Defendants do business within the State of California, personal jurisdiction is

6         established.

7    9.   The allegations herein are plead based upon good and fair notion and belief unless

8         otherwise stated.

9    10.  Venue is proper pursuant to 28 U.S.C. § 1391.

10   **PARTIES**

11   11.  Plaintiff is a natural person who resides in the City of Mission Viejo, County of Orange

12        County, State of California, from whom a debt collector sought to collect a consumer debt

13        which was due and owing or alleged to be due and owing from Plaintiff, and is a

14        "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15   12.  Plaintiff is informed and believes, and thereon alleges, that Defendant is a company

16        operating from the State of Washington

17   13.  Plaintiff was involved in a civil action, Case no. 30-2012-00560303, DISCOVER BANK,

18        ISSUER OF THE DISCOVER CARD v. DAVID W. KUKUK, filed April 9, 2012 in the

19        Superior Court of the State of California, County of Orange at the Harbor Justice Center in

20        Laguna Hills, Ca.    Plaintiff retained counsel, KAZEROUNI LAW GROUP, APC

21        ("KAZEROUNI"), to represent Plaintiff in the aforementioned action.

22   14.  Plaintiff is informed and believes, and thereon alleges, that Defendant, BISHOP, WHITE,

23        MARSHALL & WEIBEL, P.S., in the ordinary course of business, regularly, on behalf of

24        themselves or others, provided legal representation for DISCOVER BANK, ISSUER OF

25        THE DISCOVER CARD ("DISCOVER") regarding Case no. 30-2012-00560303.

26   ///

27   ///

28   ///

*KAZEROUNI LAW GROUP, APC*
*2700 N. MAIN STREET, STE. 1000*
*SANTA ANA, CA 92705*

KAZEROUNI LAW GROUP, APC
2700 N. MAIN STREET, STE. 1000
SANTA ANA, CA 92705

### FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

17. In or about 2009, Plaintiff allegedly incurred financial obligations to the original creditor, Discover Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

18. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

19. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On April 9, 2012, Defendant initiated a lawsuit against Plaintiff in an attempt to collect the alleged debt in the Orange County Superior Court, court case number 30-2012-0056030.

21. Thereafter, Plaintiff retained the Kazerouni Law Group, APC to represent Plaintiff in the initial lawsuit filed by Defendant.

22. Subsequently, Defendant was informed in writing of the name, law firm, e-mail, telephone number, and address of the attorney retained by Plaintiff for the initial lawsuit when Plaintiff's Counsel answered the initial lawsuit on May 24, 2012.

23. Despite this knowledge, Defendant contacted Plaintiff directly via written correspondence dated June 4, 2012 in order to collect on the alleged debt in violation 15 U.S.C. § 1692c(2).

24. Through this conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant 15 U.S.C. § 1692c(2).

///
///

KAZEROUNI LAW GROUP, APC
2700 N. MAIN STREET, STE. 1000
SANTA ANA, CA 92705

CAUSES OF ACTION CLAIMED BY PLAINTIFF

COUNT I

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

27. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendant individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,

/// 

/// 

/// 

/// 

///

1   • Any and all other relief that this Court deems just and proper.

2

3

4

Dated: July 9, 2012                                Respectfully submitted,

5

6                                                  KAZEROUNI LAW GROUP, APC

7

8                                                  By:   /s/ Matthew M. Loker
                                                         MATTHEW M. LOKER, ESQ.
9                                                        ATTORNEY FOR PLAINTIFF

10

11                                    TRIAL BY JURY

12   28.   Pursuant to the seventh amendment to the Constitution of the United States of America,

13        Plaintiff is entitled to, and demands, a trial by jury.

14

Dated: July 9, 2012                                Respectfully submitted,

15

16

17                                                 KAZEROUNI LAW GROUP, APC

18

19                                                 By:   /s/ Matthew M. Loker
                                                         MATTHEW M. LOKER, ESQ.
20                                                       ATTORNEY FOR PLAINTIFF

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES                                        PAGE 6 OF 6